**VENABLE LLP**
DANIEL S. SILVERMAN (SBN 137864)
*dsilverman@venable.com*
GREGORY J. SATER (SBN 157486)
*gsater@venable.com*
MATTHEW M. GURVITZ (SBN 272895)
*mgurvitz@venable.com*
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant and Counterclaimant
NUTRISCIENCE INNOVATIONS, LLC

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| PHYTO TECH CORP. d/b/a Blue California, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NUTRISCIENCE INNOVATIONS, LLC,<br><br>Defendant.<br><br>NUTRISCIENCE INNOVATIONS, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>PHYTO TECH CORP. d/b/a Blue California, a California corporation,<br><br>Counter-Defendant. | CASE NO. SA CV15-00776 AG (MRWx)<br><br>Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: May 18, 2015<br>Trial Date: November 8, 2016 |

1. **PURPOSE AND LIMITS OF THIS ORDER**[1]

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**

   **2.1.   Over-Designation Prohibited**.  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause

---

[1] This Stipulated Protective Order substantially conforms to Judge Guilford's Standing Protective Order, as modified by the parties to meet the needs of this Action.

competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2. Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2. Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation.

Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

       2.2.3.    Inadvertent Failures to Designate. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

In the event that a receiving party believes, in good faith, that a document or information produced or disclosed which has been designated as protected information under the Order is not confidential or should not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", the receiving party shall send the producing party a written request specifically identifying the information or document (by bates-number), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order. Within ten (10) business days of receipt of such a written request, the parties shall meet and confer.

1   If the parties are unable to agree within the ten (10) day period upon a
2   satisfactory resolution, the receiving party may seek an order concerning such
3   information or documents which has previously been produced or disclosed under
4   the Order.  The producing party shall in any proceeding or other matter concerning
5   such designation have the burden of proof in justifying the confidential designation
6   pursuant to this Order and applicable law.

**4.      ACCESS TO DESIGNATED MATERIAL**

**4.1.   Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2.   Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    4.2.1.   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    4.2.2.   The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    4.2.3.   Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    4.2.4.   The Court and its personnel;

    4.2.5.   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

4.2.6. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

4.2.7. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3. Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

4.3.1. The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information ("Outside Counsel");

4.3.2. The Court and its personnel;

4.3.3. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**4.4. Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts.** Unless agreed to in writing by the designator:

4.4.1. A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

4.4.2. A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

4.4.3. A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven (7) days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

4.4.4. Upon receipt of a written objection pursuant to paragraph 4.4.3, the parties must meet and confer within ten (10) days of the

objection. If the parties do not reach an agreement within ten (10) days of the meet and confer, the receiving party may seek an order permitting the disclosure of the designated material to the identified in-house counsel or expert. If the receiving party seeks such an order, the receiving party may not disclose the designated material to the identified in-house counsel or expert until the Court issues an order regarding the dispute. In seeking such an order pursuant to this subsection, the receiving party shall proceed under L.R. 37-1 through L.R. 37-4 and the designating party shall have the burden of proof in justifying the reason why it should not be disclosed to the identified in-house counsel or expert.

**5.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**5.1.   Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2.   Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must:

**5.2.1.**   Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**5.2.2.**   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**5.2.3.** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3. Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.** **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.** **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

If a producing party inadvertently produces CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without designating it as such in accordance with this Order, the producing party shall notify all receiving parties of the proper designation of the protected information as soon as practical after discovery of the error by the producing party. The producing party shall provide the receiving parties with a replacement of the protected information marked in accordance with this Order. Upon receipt of the properly designated document or information: (a) the document or information shall be treated by the receiving parties as if it had been timely designated as protected information under this Order; and (b) the receiving parties shall use reasonable efforts to identify any

other persons or entities to whom the information in question was given.  It shall then be the burden of the receiving parties to collect in good faith all such protected information from persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset.  The receiving parties shall use reasonable efforts to protect from disclosure any unmarked copies of the protected information in their possession, by destroying or returning to the producing party any unmarked copies of the protected information in their possession.  The inadvertent disclosure or inadvertent mis-marking by a producing party of documents or information that the producing party believes to be confidential shall not automatically be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.  However, any party may claim that the intentional disclosure of protected information by the producing party to anyone other than the producing party and its counsel, without the confidential designation, be deemed a waiver of any claimed protection.

## 8. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection ("Privileged Material"), the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

If a Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work-product immunity for the inadvertently produced document or any other document covering the same or a

9

similar subject matter under applicable law, including Federal Rule of Evidence 502. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

If a Party has inadvertently or mistakenly produced Privileged Material, and if the Party makes a written request for the return of such Privileged Material, the Privileged Material for which a claim of inadvertent production is made (including any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced Privileged Material), as well as all copies, shall return all copies, or a provide a signed verification by Outside Counsel for the Receiving Party certifying that all copies have been destroyed shall be provided to Outside Counsel for the Party, no later than ten (10) business days regardless of whether the Receiving Party disputes the claim of privilege. The Party shall provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log. If the Receiving Party disputes the assertion of privilege, the Receiving Party may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstance of the inadvertent production as a ground for entering such an order. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material *in camera*. Notwithstanding this Order, no Party will be prevented from moving the Court for an order compelling the production of documents for which the privilege has been waived pursuant to, *inter alia*, the crime-fraud exception.

If the receiving party believes that any material produced or disclosed to it may be subject to any privilege, immunity, or similar protection, it must stop reading and promptly notify the producing party and may not read or otherwise view the unread portion of such material until the court orders otherwise or the

1  producing party gives permission.  The receiving party must promptly notify the
2  producing party that it has received materials that likely contain privileged
3  information, including the bates numbers of those specific documents, and return
4  all copies to the producing party.

5  **9.    NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR**
6  **REDACT**

7      Notwithstanding the provisions of this Order, Designating Parties may
8  redact from any produced information, whether designated as Protected
9  Information or not, any information containing Privileged Material or any
10 irrelevant trade secrets or other irrelevant highly confidential research,
11 development or commercial information, or any other data protected from
12 disclosure by State or Federal regulations.  If, after reviewing information
13 containing a redaction a Receiving Party has a good faith basis for challenging the
14 redaction, the Parties shall initially attempt to resolve the issue through
15 discussions.  If those discussions prove unsuccessful, the challenging Party may
16 move for a ruling by the Court on whether the information is entitled to redaction,
17 which may, where legally permitted, necessitate an *in camera* inspection of the
18 document in non-redacted form by the Court.  If the Court orders that the redacted
19 portion of the information should remain redacted, then the redacted portion of said
20 Discovery Material may not be used as evidence by any Party at trial or at a
21 hearing and may not be relied upon by any Party's Experts.  If the Court orders that
22 the redacted portion of the information is not entitled to redaction, and if the Court
23 orders the Designating Party to produce the information without redaction, then the
24 Designating Party shall produce the information in non-redacted form.  Unless
25 expressly ordered otherwise by the Court, a finding that information is not entitled
26 to redaction shall have no effect on the status of the information as Protected
27 Information.
28

## 10. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 11. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

DATED: October 26, 2015

VENABLE LLP
DANIEL S. SILVERMAN
GREGORY J. SATER
MATTHEW M. GURVITZ

By: /s/ Matthew M. Gurvitz
       Matthew M. Gurvitz

Attorneys for Defendant and Counterclaimant NUTRISCIENCE INNOVATIONS, LLC

DATED: October 26, 2015

McDERMOTT WILL & EMERY LLP
DANIEL R. FOSTER (SBN 179753)
*dfoster@mwe.com*
MANDY H. KIM (SBN 267513)
*mhkim@mwe.com*
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: 949.851.0633
Facsimile: 949.851.9348

By: /s/ Daniel F. Foster
       Daniel F. Foster

Attorneys for Plaintiff and Counter-Defendant PHYTO TECH CORP. d/b/a BLUE CALIFORNIA

**ATTESTATION REGARDING SIGNATURES**

I, Matthew M. Gurvitz, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: October 26, 2015

    /s/ Matthew M. Gurvitz
    Matthew M. Gurvitz

ORDER

Having considered the foregoing Stipulation, and good cause appearing therefor, the exchange of confidential and/or highly confidential information and discovery in the above-captioned action shall be made in accordance with the terms of the Stipulation for Protective Order.

**IT IS SO ORDERED.**

Dated: October 27, 2015

HON. MICHAEL R. WILNER
MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Phyto Tech Corp. d/b/a Blue California v. NutriScience Innovations, LLC, Case No SACV15-00776-AG (MRWx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date:

City and State where sworn and signed:

Printed name:

Signature: _____